UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SHAY LIBERMAN,

                          Plaintiff,        **MEMORANDUM OF**
    -against-                                **DECISION AND ORDER**
                                                      CV 98-0494 (ADS )

JO ANNE B. BARNHART, Commissioner of
Social Security,

                          Defendant.
----------------------------------------------------------x

**APPEARANCES**:

**SHAY LIBERMAN**
Plaintiff Pro Se
P.O. Box 5988
Hauppauge, New York 11788

**OFFICE OF THE UNITED STATES ATTORNEY FOR THE EASTERN DISTRICT OF NEW YORK**
Attorney for the Defendant Commissioner of Social Security
610 Federal Plaza
Central Islip, New York 11722
       By:  Gail Matthews, Assistant United States Attorney

**SPATT, District Judge:**

       This case involves an application for social security disability insurance benefits by the petitioner Shay Liberman ("Liberman" or the "Petitioner"). After a long and non-conventional procedural history, this case is again before this Court because of a Mandate from the United States Court of Appeals for the Second Circuit.

# I. BACKGROUND

## A. As to the Mandate

On May 16, 2005, the Second Circuit issued a mandate in which the case was remanded to this Court. This Mandate states in full:

> The Government filed a "motion to resolve" this appeal from the district court's denial of Appellant's request for attorneys' fees, offering to pay Appellant $13, 668.24 in attorneys' fees. Upon due consideration, it is ORDERED that this motion is DENIED and the case is REMANDED to the district court for consideration of: (1) whether the district court ordered the August 1999 remand for further administrative proceedings pursuant to sentence four or sentence six of 42 U.S.C. §405(g); (2) depending on that determination, whether Liberman timely filed a request for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"); (3) what fees, if any, may be awarded to Liberman pursuant to the statutory factors enumerated in the EAJA, 28 U.S.C. §2412(d); (4) the Government's offer to pay $13,668.24 in fees and expenses pursuant to the EAJA; and (5) the effect of the Commissioners May 2001 $16,830.00 fee award, pursuant to 42 U.S.C. § 406(a) on Liberman's request for fees pursuant to the EAJA. (internal citations omitted).

Before the Court addresses the questions presented by the Second Circuit, a review of the procedural history is in order.

On July 8, 1994, Liberman filed for social security disability insurance benefits (the "1994 Application"). This application was denied at all administrative levels. On January 28, 1998, the Plaintiff, proceeding *pro se*, filed a complaint in this Court seeking review of the final administrative decision of the Commissioner of the SSA

which denied his application for benefits (the "District Court Action"). On February 5, 1998, the Court granted IFP status to the Petitioner. In April 1998, during the pendency of the District Court Action, the Plaintiff filed a new application with the Social Security Administration ("SSA") for a period of disability and disability insurance benefits (the "Second Application"). The Second Application also contained a request for supplemental social security income. The Plaintiff was represented in this Second Application by Lenore Dowis, Esq.

On July 12, 1999, the Commissioner moved in the District Court Action to remand this matter pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further administrative proceedings. The basis for this motion was the ALJ's failure to state the weight given to the opinion of Liberman's treating physician and the ALJ's failure to note his reasons for finding that the Plaintiff's testimony of pain and functional limitations was not credible. Liberman objected to this motion to remand.

On August 31, 1999, the Court issued a Memorandum of Decision and Order granting the Government's motion to remand the case to the SSA for further administrative proceedings "for the reasons set forth in the Defendant's motion." The Court did not specify if the remand was pursuant to sentence four or sentence six of 42 U.S.C. §405(g). The Court further directed that the Clerk of the Court close the case. Pursuant to this Memorandum of Decision and Order, the Clerk of the Court entered Judgment in favor of the Defendant and against the Plaintiff, and closed the District

Court Action. On September 21, 1999, the Plaintiff filed a notice of appeal from the August 31, 1999 decision.

With respect to the Second Application that had been pending with the SSA, on December 20, 1999, a hearing was held before ALJ Murray Sklaroff (the "ALJ"). Dowes represented the Petitioner at the hearing. The ALJ suspended activity on the Second Applications pending resolution of the District Court Action by this Court. On February 17, 2000, the Second Circuit dismissed the appeal from this Court's August 31, 1999 Order, stating that it did not have jurisdiction because the remand was pursuant to the sixth sentence of 42 U.S.C. § 405(g), and thus, there was not a final and appealable judgment. According to the Defendant, the Commissioner subsequently submitted a letter to the Second Circuit advising that the motion for remand had been made pursuant to the fourth sentence of Section 405(g) and that there was jurisdiction for the appeal. No action was taken by the Second Circuit.

In accordance with the Court's August 31, 1999 Order, the matter before the District Court was remanded to the ALJ. On December 19, 2000, the ALJ issued a partially favorable decision regarding Liberman's original July 8, 1994 application. Thereafter, on January 12, 2001, Dowes, who represented the Liberman on the Second Application, petitioned the agency for attorney fees pursuant to Section 406(a). That petition sought attorneys fees in the amount of $16,830,99. This sum was based on a rate of $170 per hour for 99 hours of work. Liberman signed the application

indicating that he agreed with the amount of $16,830.99 that Dowis sought to collect. On April 4, 2001, the ALJ approved this fee application, which was also approved by the Regional Chief ALJ. In a notice dated July 17, 2001, Liberman was advised that SSA had withheld $16,830.99 from his past due benefits in order to cover the fee to Dowis.

Presumably because the 1994 Application had been resolved, on January 19, 2001, the ALJ dismissed the claims and hearing request relating to the Second Application. In his order dismissing the Second Application, the ALJ stated "following all internal directives, all activity on the subsequent claims was suspended. The later filed claims will not be the subject of a separate decision." In addition, the ALJ dismissed as moot the request for a hearing on the Second Applications for disability insurance benefits.

On June 14, 2001, in the District Court Action, Liberman filed a motion with this Court requesting that the Court enter judgment in his favor. Liberman's motion also sought attorneys fees, costs, and expenses under the EAJA and Section 406(b). The Commissioner opposed this motion arguing that he was not entitled to attorney fee under the EAJA or the Social Security Act because he had appeared *pro se* in the District Court Action and because he did not submit itemized statements in support of his application.

By Order dated November 19, 2002, this Court issued an Order denying

Liberman's motion for attorneys' fees, expenses, and costs on the grounds that: (1) the Plaintiff was not represented by counsel at any stage of the District Court Action; (2) the Plaintiff failed to provide an itemized statement with respect to costs and failed to allege that the position of the United States was not substantially justified, *See* 28 U.S.C. § 2412(d)(1)(B). On November 25, 2002, Liberman appealed from the Order of November 19, 2002. On appeal, the Government-Appellee filed a "Motion to Resolve Appeal" offering to pay Liberman $13,668.24. This amount represented $13,193.24 in attorney fees plus $475 in expenses. The attorney's fees were calculated using the applicable EAJA hourly rates for years,1998, 1999, and 2000, for that the work Dowis performed, as follows:

        1998    1445 minutes at $130.34/hr

        1999    2710 minutes at $132.87/hr

        2000    1775 minutes at $137/hr.

The Court notes that this amount of $13,668.24 is $3161.76 less than the amount that was deducted from Liberman's benefits by the SSA.

On June 11, 2003, Court of Appeals issued a mandate dismissing this appeal for lack of jurisdiction because no final judgment had been entered by this Court. On June 24, 2003, pursuant to a request by Liberman, Judgment was entered in favor of the Defendant. On June 30, 2003, Liberman re-filed his appeal from the November 19, 2002 Order. On May 16, 2005, the Second Circuit issued the Mandate that is

presently before the Court.

On August 11, 2005, the Court held oral argument with regard to the mandate. At oral argument, the Government indicated that its previous offer of $13,668.24 was still on the table. Liberman submitted an application for $30.80 in "expenses" incurred between July 1, 2004 and July 27, 2005. Also, Liberman annexed an itemized list to his moving papers indicated that his expenses were the result of travel to the District Court, copying, and mailing costs. The Government opposes Liberman's latest request.

## II. DISCUSSION

The Court will now address the questions presented by the Court of Appeals.

**(1) As to whether the district court ordered the August 1999 remand for further administrative proceedings pursuant to sentence four or sentence six of 42 U.S.C. §405(g)**

The Court's August 31, 1999 Order granted the Commissioner's motion for remand "for the reasons set forth in the Commissioner's Memorandum of Law." Although the Government's Memorandum of Law sought remand pursuant to sentence four, the Court's August 31, 1999 Order did not specify whether this remand was made pursuant to the fourth sentence or the sixth sentence of Section 405(g). This distinction is significant.

Sentence Four of Section 405(g) states:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming,

7

modifying, or reversing the decision of the
Commissioner of Social security, with or without
remanding the cause for a rehearing.

Sentence Six of Section 405(g) states:

The court may, on motion of the Commissioner of
Social Security *made for good cause shown before the
Commissioner files the Commissioner's answer*, remand
the case to the Commissioner of Social Security for
further action by the Commissioner of Social Security,
and it may at any time order additional evidence to be
taken before the Commissioner of Social Security, but
only upon a showing that there is new evidence which is
material and that there is good cause for the failure to
incorporate such evidence into the record in a prior
proceeding . . . .

(emphasis added).

The differences between these sentences was explained in *Younger v. Shalala*,
No. 93 Civ. 2623, 1995 WL 447794, at * 1 (S.D.N.Y. July 21, 1994):

Under sentence four, a district court may remand in
conjunction with a judgment affirming, modifying, or
reversing the Secretary's decision. *See Melkonyan v.
Sullivan*, 111 S. Ct. 2157, 2164 (1991). A sentence-four
remand order is a final judgment, terminating the district
court's jurisdiction and triggering the time for filing a
petition for attorney's fees under the Equal Access to
Justice Act, (hereinafter "EAJA"), 28 U.S.C. § 2412(d).
*See Shalala v. Schaefer*, 113 S. Ct. 2625, 2630 (1993);
Melkonyan, 111 S. Ct., at 2165; *Sullivan v. Finkelstein*,
110 S. Ct. 2658 (1990).

Under sentence six, a district court may remand (1) on
motion by the Secretary made for good cause before the
Secretary has filed a response in the action, or (2) in
light of additional evidence, without making any

8

> substantive ruling on the Secretary's decision, if the claimant shows good cause for failing to present the evidence earlier. *See Melkonyan*, 111 S. Ct., at 2164 & n.2. In contrast to a sentence-four remand, under sentence six the district court retains jurisdiction to review agency action and enter final judgment after the remand. *See Shalala v. Schaefer*, 113 S. Ct. at 2629 ("Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand.").

In this case, the Commissioner's motion to remand requested that the Court remand this action pursuant to sentence four. Although not specified in the Order, because the Government's motion was made prior to the filing of an answer, and a substantive ruling was not made by the Court, the Court finds that this remand was properly made pursuant to sentence six. *See Younger,* 1995 WL 447794, at *2 (Finding remand was appropriate pursuant to sentence six because "no answer has been filed and no substantive ruling has been made . . . " (internal citations omitted)); *see also Seaborn v. Sullivan, M.D.*, 822 F. Supp. 121, 124 (S.D.N.Y. 1993). In addition, in its Order, the Court found that "good cause to remand" existed because of the

> ALJ's failure to explain the consideration he gave to the opinion of the plaintiff's treating physician and to provide good reasons for discrediting the opinion of the treating physician; and (2) the ALJ's failure to provide an adequate basis for finding that the plaintiff's testimony of pain and functional limitations was not credible.

*See Seaborn*, 822 F. Supp., at 124 (finding good cause to remand existed in the "Secretary's assertion that errors of law were committed by the ALJ.").

Accordingly, the Court finds that its August 31, 1999 Order to remand this action was made pursuant to sentence six of Section 405(g). The Court notes that it erred in directing the Clerk of the Court to close this case because, as stated above, under sentence six the district court retains jurisdiction to review agency action and enter final judgment after the remand.

**(2)  As to whether Liberman timely filed a request for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"):**

Litigants are entitled to recover attorneys' fees under § 2412(b) of the EAJA in social security actions. *Maida v. Callahan*, 148 F.3d 190, 193 (2d Cir. 1998). Under the provisions of the EAJA, "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party . . . .". With respect to sentence-six cases, the filing period for an EAJA attorney's fees petition does not begin to run until " 'after the post-remand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs.' " *Younger*, 1995 WL 447794, at *1 (quoting *Melkonyan*, 111 S. Ct., at 2165).

Here, the post-remand proceedings were completed on December 19, 2000, when ALJ Sklaroff issued a partially favorable decision. However, presumably

because the case had already been closed, the Secretary never returned to District Court to request that final judgment be entered. Because the entry of final judgment was in error, and the secretary never returned to Court, the filing period for the EAJA attorneys' fees petition did not begin to run. Accordingly, to the extent that Liberman's June 14, 2001 "motion" is construed as one for attorneys' fees, the Court finds that it is timely under the EAJA.

**(3)     As to what fees, if any, may be awarded to Liberman pursuant to the statutory factors enumerated in the EAJA, 28 U.S.C. §2412(d):**

As indicated above, on December 19, 2000, the ALJ issued a partially favorable decision on the Petitioners 1994 Application. Section 2412(d) of the EAJA states that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The EAJA defines "fees and other expenses" to include

> the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees . . . and attorney fees shall not be awarded in excess of $125 per hour unless the court

>     determines that an increase in the cost of living or a
>     special factor, such as the limited availability of
>     qualified attorneys for the proceedings involved,
>     justifies a higher fee.

The Plaintiff represented himself acting *pro se* during the entire pendency of the District Court Action, and no attorney filed a notice of appearance. Therefore the Court held, in its November 19, 2002 Order, that the Plaintiff is not entitled to attorneys' fees pursuant to the EAJA for this social security appeal. *Sec. & Exch. Comm'n v. Price Waterhouse*, 41 F.3d 805, 808 (2d Cir. 1994). However, as explained in more detail below, the Government offered to resolve this issue for $13,668.24. This amount was calculated using the formula set forth by the EAJA. Thus, it appears to the Court that given the unusual procedural posture of this case, the Government appears to be willing to "overlook" the fact that Dowis never filed a notice of appearance in this action.

**(4)    As to the Government's offer to pay $13,668.24 in fees and expenses pursuant to the EAJA; and**

**(5)    As to the effect of the Commissioner's May 2001 $16,830.00 fee pursuant to 42 U.S.C. § 406(a) award on Liberman's request for fees under the EAJA:**

The Court will consider the remaining two issues together.

On May 15, 2001, SSA authorized Dowis to charge and collect a fee in the amount of $16,830,99 for services provided to the claimant. The Court notes that Liberman approved this payment. This amount was withheld from Liberman's social security benefits. The Government has offered to pay Liberman $13,668.24 in fees

and expenses which represents attorney's fees calculated pursuant the EAJA's statutory rate of $125 per hour plus costs. This amount is $3161.76 less than the amount that was withheld from Liberman's social security benefits.

As indicated above, the EAJA authorizes attorney's fees. However, it is well-settled that a pro-se litigant such as the Plaintiff, is not entitled to attorney's fees pursuant to the EAJA. Because Dowis successfully represented Liberman at a hearing held pursuant to this Court's remand order, Dowis could have entered an appearance in the District Court Action and recovered attorney's fees pursuant to the EAJA at a rate of $125 per hour plus the corresponding Consumer Price Index for the relevant year. Instead, Dowis filed an application for fees pursuant to 42 U.S.C. § 406(a) which allows the Commissioner to award attorneys's fees for work performed at the administrative level. This Section authorizes attorneys to be compensated at a rate of $170 per hour. Because Dowis' request was made pursuant to Section 406, that amount of attorney's fees, namely at the rate of $170 per hour, was deducted from Liberman's award.

Under the EAJA, the Court is statutorily prevented from approving an attorney's fee request seeking compensation in excess of EAJA hourly rates stated above, absent a showing of a "special factor" warranting an increase in the rate. The Court finds that there is not a "special factor" within the meaning of the EAJA warranting the amount that the Plaintiff requests.

Despite the fact that the Plaintiff was never represented by Counsel in the

District Court action, the Government has offered him the sum of $13,668.24 to "resolve" this matter. Under the special circumstances of this case, the Court finds this offer fair, reasonable and appropriate.

**B.      As to the Plaintiff's Request for Costs in the amount of $30.80**

During the August 11, 2005 oral argument, the Plaintiff submitted a motion for costs in the amount of $30.80 incurred between July 1, 2004 and July 27, 2005. The itemized list attached to this motion indicates that the Plaintiff is seeking reimbursement for postage, copies, paper, and the costs associated with traveling to Court to file his papers. The Government opposes this application.

In *Maida v. Callahan*, 148 F.3d 190 (2d Cir. 1998), the Second Circuit held that "when the United States is a party to a proceeding, no costs can be taxed in favor of or against an in forma pauperis litigant [pursuant under 28 U.S.C. § 1915(f)(1)]." *Id.* at 193 (The court found that a prevailing claimant proceeding in forma pauperis cannot recover costs pursuant to the EAJA.). "Thus, under *Maida*, the in forma pauperis statute trumps the EAJA as to those amounts that qualify as "costs" under Section 1915(f)(1) and the defendant cannot be taxed for them." *Hiciano v. Apfel*, No. 98 Civ. 4037,2002 WL 1148413, at * 4 (S.D.N.Y. May 29, 2002). Rule 54(d) of the Federal Rules of Civil Procedure controls the assessment of costs under Section 1915(f)(1). *Id.* at *5. The costs included in Rule 54(d) are, in turn, defined in 28 U.S.C. § 1920. *Kuzma v. IRS*, 821 F.2d 930, 932 (2d Cir. 1987); *see also Hiciano, v. Apfel*, 2002 WL 1148413, at *5.

14

Under the provisions of 28 U.S.C. § 1920 "costs for telephone or telecommunications usage, research, mail or messenger service, subpoena services, local travel and overtime meals are not compensable." *Tyco Intern. (U.S.) Inc. v. John Does*, 1-3, 01 Civ. 3856 2003 WL 23374767, at *5 (S.D.N.Y. Aug.29, 2003). Accordingly, the Plaintiff's request for costs in the amount of $30.80 is denied.

### III.    CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that in accordance with the mandate of the Second Circuit, the Government is ordered to pay to the plaintiff $13,668.24 for attorney's fees and costs associated with the District Court Action; and it is further

**ORDERED**, that the Plaintiff's motion for additional costs in the amount of $30.80 is **DENIED**.

**SO ORDERED**.

Dated: Central Islip, New York
September 29, 2005

ARTHUR D. SPATT
United States District Judge